IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| TONYA DAVENPORT and KARI LYNN UPSHAW, | )<br>)<br>) No. : _____<br>) JUDGE _____<br>) MAGISTRATE JUDGE _____<br>) JURY DEMAND<br>)<br>)<br>)<br>) |
| Plaintiffs, | |
| v. | |
| ATCO INDUSTRIES, INC., | |
| Defendant. | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, ATCO Industries, Inc. ("ATCO"), hereby removes this action from the Chancery Court of Hamilton County, Tennessee to the United States District Court, Eastern District of Tennessee, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

### I. FACTUAL SUMMARY

On August 7, 2012, Plaintiffs, Tonya Davenport and Kari Lynn Upshaw ("Plaintiffs") filed in the Chancery Court of Hamilton County, Tennessee an action naming ATCO, as Defendant. This action was assigned Case Number 12-0606. On August 9, 2012, Plaintiffs served on ATCO a summons and a copy of the Complaint by personal service to ATCO's registered agent. A copy of the entire State Court file is incorporated herein by reference and is also attached as Exhibit A.

### II. BASIS FOR REMOVAL

This action is removable to this Court as this Court would have had original diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a).

A.  **Diversity Jurisdiction under 28 U.S.C. §§ 1332(a), 1441(a)**

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs. *See* 28 U.S.C. § 1332(a). This action satisfies all such requirements.

The Defendant and Plaintiffs in this matter are all citizens of different States. Upon information and belief, Plaintiff Kari Lynn Upshaw is a citizen and resident of Walker County, Georgia. (*See* Compl. ¶ 3). Upon information and belief, Plaintiff Tonya Davenport is a citizen and resident of Hamilton County, Tennessee. (*See* Compl. ¶ 4). Defendant ATCO is a Michigan Corporation with its principal place of business in Sterling Heights, Michigan. Because ATCO is not a citizen of either Georgia or Tennessee, the requirement of complete diversity is satisfied. *See* 28 U.S.C. § 1332(a).

This action is of a civil nature and involves a controversy wholly between citizens of different states, and the value of the matter in dispute in said cause exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as appears from the allegations contained in Plaintiffs' Complaint, and said action is one over which the District Court of the United States has original jurisdiction.

### III. INITIAL SERVICE OF COMPLAINT

On August 9, 2012, Plaintiffs served on ATCO, by personal service to ATCO's registered agent, a summons and copy of the Complaint. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed within 30 days of Defendant's receipt of the Complaint. *See, e.g., Page v. City of Southfield*, 45 F.3d 128, 130 n.1 (6th Cir. 1995).

### IV. VENUE OF REMOVED ACTION

Venue of this removed action is proper pursuant to 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action was pending.

### V. PLEADINGS IN THE STATE COURT ACTION

Pursuant to 28 U.S.C. § 1446(d), Defendant is filing this Notice of Removal with this Court, serving a copy of the Notice upon all counsel of record, and filing a copy in the Chancery Court of Hamilton County, Tennessee. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiffs' Complaint, as well as all additional papers on file with the state court, are attached hereto as Exhibit A. The summons and Plaintiffs' Complaint are the only documents that Defendant received in this action.

### VI. NOTICES

A copy of this Notice of Removal is being served by U.S. mail on counsel for Plaintiffs, and a Notice of Filing of Notice of Removal is being filed with the Hamilton County Chancery Court, in accordance with 28 U.S.C. § 1446(d). (Copies of those notices are attached as Exhibit B.) The necessary filing fees have been paid simultaneously with the filing of the Notice of Removal.

### VII. CONCLUSION

WHEREFORE, Defendant, ATCO Industries, Inc., respectfully request that this action, now pending as Case No. 12-0606 in the Chancery Court of Hamilton County, Tennessee, be removed to this Court, and that this Court proceed with the case as if originally initiated herein.

By: /s/ Mary Beth Haltom
Samuel L. Jackson, BPR No. 21541
Mary Beth Haltom, BPR No. 24462
George B. Green, Jr., BPR No. 29185
424 Church Street, Suite 2500
P. O. Box 198615
Nashville, TN 37219
(615) 259-1366
sjackson@lewisking.com
mhaltom@lewisking.com
ggreen@lewisking.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record in the manner of service indicated below:

[X] By placing postage prepaid envelope in United States Mail Service, addressed to:

Doug S. Hamill
Burnette, Dobson & Pinchak
711 Cherry Street
Chattanooga, TN 37402

[ ] By placing document in third party express delivery carrier, i.e., Federal Express, for overnight delivery to the following counsel of record:

[ ] By sending document via facsimile to:

[ ] By sending document via email to:

[ ] By causing the foregoing to be hand delivered to counsel of record at the following address on this _____ day of September, 2012:

This the ___ day of September, 2012.

_____/s/Mary Beth Haltom_____