UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TONYA DAVENPORT and KARI LYNN UPSHAW ) ) | |
| ) | Jury Demanded |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:12-cv-299 |
| v. ) | |
| ) | Collier/Lee |
| ATCO INDUSTRIES, INC. ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Come Plaintiffs, through counsel, pursuant to Fed.R.Civ.P. 15(a)(1)(B), and hereby file their First Amended Complaint. Plaintiffs sue Defendant for $300,000.00 for unlawful employment actions. Plaintiffs would show unto the Court as follows:

### I. JURISDICTION

1. The jurisdiction of this Court is invoked by Plaintiffs pursuant to 42 U.S.C. §2000e and Tenn. Code Ann. §4-21-311 to secure protection and redress for the deprivation of rights granted by Title VII of the Civil Rights Act of 1991 ("Title VII") and the Tennessee Human Rights Act ("THRA"), providing for injunctive and other relief against sexual harassment, gender discrimination, and retaliation in employment.

### II. NATURE OF PROCEEDING

2. This is a proceeding for back pay and benefits due Plaintiffs; for injunctive relief requiring Defendant's reemployment of Plaintiffs; for compensatory damages; for humiliation and embarrassment damages; attorney's fees, costs, and for such additional damages as may be necessary to effectuate the purposes of Title VII and the THRA.

## III. THE PARTIES

3. Plaintiff Kari Lynn Upshaw is a female and resident of Hamilton County, Tennessee.

4. Plaintiff Tonya Davenport is a female and resident of Walker County, Georgia.

5. Defendant is a Michigan corporation doing business in Hamilton County, Tennessee. Defendant's operations are sufficient to qualify them as an "employer" under Title VII and the THRA.

6. The acts complained of herein took place in Hamilton County, Tennessee.

## IV. FACTUAL BASES OF PLAINTIFFS' CLAIMS

7. Defendant provides inspection and containment services for Volkswagen North America's large Chattanooga, Tennessee manufacturing facility.

8. Plaintiffs began work with Defendant on August 5, 2011. Both were assigned to the Volkswagen plant as "inspectors".

9. Almost immediately upon beginning employment, Plaintiffs experienced unwelcomed sexual harassment from their male co-workers, and to a certain extent, from their male supervisors.

10. This harassment included lewd comments about Plaintiffs' bodies, invitations for sex, requests that Upshaw leave her husband, and forcible kissing.

11. Plaintiffs complained to their on-site supervisor of the harassment.

12. In response to their complaint, Plaintiffs' supervisor acknowledged that the harassing co-worker had previously harassed other females. Despite Plaintiffs' complaint and the acknowledgment of prior harassment, no corrective action was taken and the sexual harassment continued unabated.

2

13. Frustrated by Defendant's inability and/or unwillingness to stop the sexual harassment, Plaintiffs again reported the sexual harassment to their on-site supervisor.

14. The sexual harassment continued unabated after Upshaw's second complaint.

15. On or about August 25, 2011, both Plaintiffs went to Defendant's main office to complain about the sexual harassment they had been experiencing.

16. One week later, on or about September 1, 2011, both Plaintiffs were summoned to Defendant's office. They were told that they needed to be seen regarding the co-worker that had been sexually harassing them.

17. Upon arriving at the office, Plaintiff Upshaw was told she was being fired because she was not a "perfect match" for Defendant.

18. Immediately after terminating Plaintiff Upshaw, Defendant called Plaintiff Davenport into the office and terminated her employment, again claiming that she was not a "perfect match" for Defendant.

19. Both Plaintiffs received termination paperwork that said nothing but "at-will".

## V. CAUSES OF ACTION

20. In subjecting Plaintiffs to a sexually hostile work environment, Defendant is in violation of 42 U.S.C. §2000e, *et seq.* and Tenn. Code Ann. §4-21-101, *et seq.*

21. In terminating Plaintiffs in retaliation for their complaints of sexual harassment, and/or their corroboration of reports of sexual harassment, Defendant is in violation of 42 U.S.C. §2000e, *et seq.* and Tenn. Code Ann. §4-21-101, *et seq.*

22. Defendant is responsible for the acts of its supervisory agents.

## VI. JURISDICTIONAL PREREQUISITE

23. Each Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue to both Plaintiffs on August 8, 2012.

## VII. DAMAGES

24. As a result of the wrongful action of Defendant, Plaintiffs have suffered both financially and emotionally. Plaintiffs have lost job opportunities, salary and benefits, and have experienced humiliation and embarrassment as a result of Defendant's unlawful actions.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray as follows:

a. That the Court issue and serve process on Defendant and require Defendant to answer within the time prescribed by law;

b. That upon the hearing of this cause, Plaintiffs be awarded judgment for damages for lost wages and the value of all employment benefits which they have lost from the date of Defendant's discriminatory actions;

c. That the Court issue an injunction requiring Defendant to re-employ Plaintiffs at their former position or at an equivalent job with all employment rights and benefits to which they would have been entitled but for their discharge, and without harassment or illegal conditions imposed on their jobs, or, in the alternative, front pay and benefits in lieu of reinstatement.

d. That Plaintiffs be awarded additional compensatory damages, including damages for humiliation and embarrassment, and emotional distress, as are allowed pursuant to the provisions of 42 U.S.C. §2000e, *et seq.* and Tenn. Code Ann. §4-21-101, *et seq.*;

e. That Plaintiffs be awarded the costs of this action, pursuant to 42 U.S.C. §2000e, *et seq.* and Tenn. Code Ann. §4-21-101, *et seq.*;

f. That Plaintiffs be awarded attorney fees and such other and further relief as the Court deems proper pursuant to 42 U.S.C. §2000e, *et seq.* and T.C.A. §4-21-101, *et seq.*; and

g. Plaintiffs demand a jury to try all claims and issues triable by a jury.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By: s/ Doug S. Hamill
Doug S. Hamill, BPR No. 22825
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Tel: (423) 266-2121
Fax: (423) 266-3324
dhamill@bdplawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on 9/7/12, a copy of **FIRST AMENDED COMPLAINT** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By: s/ Doug S. Hamill